NOT FOR PUBLICATION                               (Document No. 11)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| ROBERT F. McHALE and DELILAH A. McHALE,<br><br>                              Plaintiffs,<br><br>         v.<br><br>RALPH J. KELLY,<br><br>                              Defendant | Civil No. 12-1363 (RBK/AMD)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

   Plaintiffs Robert and Delilah McHale (collectively, "Plaintiffs") have brought suit against their former attorney Defendant Ralph Kelly ("Defendant"), alleging fraud, professional negligence, and breach of fiduciary duty arising out of Defendant's representation of Plaintiffs after Plaintiff Robert McHale suffered personal injuries in a motor vehicle accident.  Plaintiffs' first suit against Defendant asserting similar claims was dismissed by the Court for failure to state a claim upon which relief can be granted.  *McHale v. Kelly (McHale I)*, No. 11-143, 2011 WL 4899987 (D.N.J. Oct. 14, 2011).  As part of this subsequent suit, the Court now considers Plaintiffs' motion to have the Court recuse itself pursuant to 28 U.S.C. § 144 (2006).

**I.     Discussion**

   28 U.S.C. § 144 requires a district judge to recuse himself or herself from a proceeding when the judge has "a personal bias or prejudice either against [the moving party] or in favor of any adverse party."  *Id.*  The party moving for recusal must submit a single affidavit in support of

the motion which "state[s] the facts and the reasons for the belief that bias or prejudice exists." *Id.* The judge who is targeted by the recusal motion must then decide whether the moving party's affidavit passes a threshold "sufficiency test" that would support a charge of bias or prejudice. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). This inquiry involves assuming the truth of the facts alleged and considering whether a reasonable person would "conclude that a personal as distinguished from a judicial bias exists." *Id.*; *United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976). Merely conclusory allegations in the affidavit need not be accepted as true. *Jones v. Pittsburgh Nat. Corp.*, 339 F.2d 1350, 1356 (3d Cir. 1990).

In this case, and contrary to the clear dictates of the statute, Plaintiffs have submitted two affidavits in support of their motion.[1] The first affidavit states one fact and one reason in support of the motion: that Plaintiffs filed a "Complaint with the Judicial Council of the Third Circuit on December 20, 2011" and that accordingly they "feel that [the Court] will have a bias against [them]" in the instant litigation. Pl.'s Mot. to Recuse 1. Relatedly, Plaintiffs reason in a second affidavit that they "don't believe that anyone can be unbiased if a complaint was filed against them." Pl.'s Consideration Regarding Mot. to Recuse 2.

In addition, Plaintiffs make averments designed to show that they were "discriminated against in McHale I based on [their] inexperience, the fact that [they] were Pro Se, and the fact that [their] writings came complete with [their] emotions." *Id.* Specifically, Plaintiffs state that they were "ignored, then denied, [sic] to file an amended complaint" in *McHale I*. *Id.* They state that they were "entitled to procedural advice" when first asking the court for permission to amend. *Id.* Finally, noting that the judicial complaint against the Court was dismissed as

---

[1] A party moving for recusal under Section 144 may file only one affidavit in support of the motion. *See* 28 U.S.C. § 144. For purposes of deciding the instant motion, however, the Court will consider both affidavits in an effort to engage Plaintiffs fully on the substance of their concerns.

frivolous by the Chief Judge of the Third Circuit, Plaintiffs conclude that the Court cannot help but have "feeling [sic] of anger towards [Plaintiffs] for filing a 'frivilous' [sic] complaint." *Id.*

**II.     Analysis**

Simply stated, these factual averments are not sufficient to sustain a motion for recusal under 28 U.S.C. § 144.  First, as Defendant rightly points out in his brief opposing Plaintiffs' motion, courts in this circuit agree that "the mere filing of a complaint of judicial misconduct is not grounds for recusal," since it would be "detrimental to the judicial system if a judge had to disqualify himself anytime someone filed a complaint about his conduct."  Def.'s Opp. Br. 5 (citing *Prall v. Bocchini*, No. 10-1228, 2011 WL 3651345 at *3 (D.N.J. Aug. 19, 2011) (citing *Ginsberg v. Evergreen Sec., Ltd.*, 570 F.3d 1257, 1265 (11th Cir. 2009)); *see also United States v. Moskovits*, No. 87-284-1, 1994 WL 583179 (E.D. Pa. Oct. 26, 1994) (holding that no personal bias per se arises upon the mere filing of a Judicial Council complaint in part because "[i]f the simple act of filing a complaint, even one which would later prove meritless, would necessitate the recusal of the judge who was the subject of the complaint, litigants would have free reign to wantonly require the recusal of judges at will").

In addition, Plaintiffs' claims of discrimination based on their status and conduct in *McHale I* are the sort of conclusory allegations the Court is not required to credit in determining the sufficiency of the affidavit.  *See Jones*, 339 F.2d at 1356.  Further, the Court is aware of no duty to provide "procedural advice" to litigants, even pro se litigants, on how to file an amended complaint, so the failure to provide such advice to Plaintiffs' satisfaction cannot be evidence of personal bias against them.

## III. Conclusion

For the reasons stated above, Plaintiffs have failed to present a sufficient affidavit to support their motion for recusal under 28 U.S.C. § 144.  Accordingly, their motion will be denied.  The Court will issue an appropriate order.


Dated:   12/5/2012                                                                      /s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge